IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| M & H METAL SPECIALTIES, INC. | § | |
| | § | |
| *Plaintiff/Counter-Defendant,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-cv-00943-E |
| | § | |
| SHEET METAL WORKERS' NATIONAL PENSION FUND, | § | |
| | § | |
| *Defendant/Counter-Plaintiff,* | § | |
| | § | |
| and | § | |
| | § | |
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, BOARD OF TRUSTEES, INTERNATIONAL TRAINING INSTITUTE FOR THE SHEET METAL AND AIR CONDITIONING INDUSTRY, BOARD OF TRUSTEES, SHEET METAL OCCUPATIONAL HEALTH INSTITUTE TRUST, AND THE NATIONAL ENERGY MANAGEMENT INSTITUTE COMMITTEE, | § | |
| | § | |
| *Counter-Plaintiffs* | § | |

**PLAINTIFF'S RESPONSE IN OBJECTION TO DEDENDANT/COUNTER-PLAINTIFFS' MOTION TO LIFT STAY**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff/Counter-Defendant M & H Metal Specialties, Inc. and files its Response in Objection to Defendant/Counter-Plaintiffs' Motion to Lift Stay and would respectfully show as follows:

# I.
# INTRODUCTION

1. After the Court stayed the case pending the Parties' Joint Status Report regarding mediation, the Parties agreed to attempt to mediate among themselves.

2. Settlement discussions began on or about June 6, 2025 and are continuing. The settlement discussions revolve around hundreds of data calculations that aligned with the Parties' respective positions.

3. Plaintiff believes that the stay should remain in place to give the Parties the time to complete settlement negotiations either to a successful settlement or until the Parties exhaust the settlement process. The settlement process has been slow to evolve. This would mean until at least July 15, 2025, and probably longer, to give the Parties sufficient time to evaluate the calculations and respective positions and to make realistic offers of compromise.

4. Further, Plaintiff asks the Court to order the Parties to a second mediation with an alternate mediator who could facilitate settlement discussions in a more speedy manner. Plaintiff favors a second mediation in this case to bring the Parties closer and more rapidly get to the point of either settlement or not.

5. Should the Parties return to litigation, the case would be in pre-trial mode with the timely and expensive task of preparing pre-trial materials and motions. It would be in the Parties' interest to avoid the expense if the case can be settled.

6.. Plaintiff asks that the Court to continue the stay in the case.

## II.
## ARGUMENT AND AUTHORITIES

7. This Court initiated the stay to determine whether or not the Parties had participated in mediation. "A district court has the inherent power to stay cases to control its docket and promote efficient use of judicial resources." *Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 494–95 (S.D. Tex. 2015). The decision on whether to stay a pending matter "is ordinarily within the trial court's wide discretion to control the course of litigation." *Dominguez v. Hartford Fin. Servs. Grp., Inc.*, 530 F. Supp. 2d 902, 905 (S.D. Tex. 2008). In determining whether to grant a stay, courts in this district generally consider three factors: "(1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Coker*, 161 F. Supp. 3d at 495.

8. Each of these factors favors granting a stay of this action. Plaintiff will suffer no prejudice from the stay. Defendant will suffer no hardship from the stay. It is believed that a continuation of the stay will result in judicial efficiency for the Court. With the number of matters pending before the Court, and the pre-trial process, an extension of the stay to facilitate settlement discussion would preserve judicial resources. Id.

9. A second mediation is not unusual in federal cases. A second mediation process can occur after an initial mediation attempt has failed. The mediation in this case occurred early in the case on September 19, 2024. At the time the Parties had prepared Initial Disclosures and a first round of discovery. The Parties filed amended pleadings, but they were not approved by the Court until December 31, 2024. From February 1 to May 2, 2025, the Parties conducted multiple depositions and continued with written discovery. This case involves complex issues and multiple

disputes. The case is now ripe for a neutral third party to facilitate settlement negotiations before trial preparation becomes necessary. Defendant has refused to participate in a second mediation.

### III.
### ALTERNATIVE REQUEST FOR SECOND MEDIATION

10. In addition to extending the stay, Plaintiff asks that the Court order the Parties to participate in a second mediation with a neutral mediator. It would be helpful to have a neutral work with the Parties to evaluate their respecify positions and facilitate meaningful resolution.

Respectfully submitted,

**THE FEIN LAW FIRM, P.C.**

By: /S/ *Eric D Fein*
**Eric D. Fein**
State Bar No. 06879020
*efein@feinlawfirm.com*
**Vickie S. Brandt**
State Bar No. 24031878
vbrandt@feinlawfirm.com
15455 Dallas Parkway, Suite 540
Addison, Texas 75001
214-522-9596 Telephone
214-522-9599 Facsimile

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 30th day of June 2025.

Diana M. Bardes
Mark J. Murphy
MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.
620 Eye Street, NW, Suite 700
Washington, DC 20006
202-783-0010
202-783-0010
Email: dbardes@mooneygreen.com
mmurphy@mooneygreen.com
and
Jason M. Berent
BERENT LAW FIRM, PLLC
2099 N. Collins Boulevard
Richardson, Texas 75080
(214) 692-5800
Email: jberent@berentlawfirm.com
Counsel for Defendant/Counter-Plaintiffs

                                                  /S/ Eric D. Fein
                                                  Eric D. Fein